[Civ. No. 1083.   Second Appellate District.—March 21, 1912.]

## EDWARD G. EDMUNDS, Respondent, v. SOUTHERN PACIFIC COMPANY, a Corporation, Appellant.

NEGLIGENCE—STEAM SCALDING OF RAILWAY MAIL CLERK—PERMANENT DISABILITY — SETTLEMENT AND RELEASE — DECEIT—RESCISSION— QUESTION FOR JURY.—In an action to recover damages for permanent disability to plaintiff, as a railway mail clerk, by scalding from steam, through defendant's negligence, where it appears that defendant's claim agent took advantage of his weak condition to secure a settlement and release of liability for $1,250, by deceitfully representing that he would be well in two or three weeks and would have no scars, and such settlement and release were pleaded in bar of the suit, it is held that such deceit amounted to actual fraud under section 1572 of the Civil Code; and where plaintiff before suit rescinded the same, and tendered back the money, it is held a question for the jury whether or not, at the time of the settlement, the plaintiff was so weak mentally that he did not understand what he was doing.

ID.—SUPPORT OF VERDICT—CONCLUSIVENESS UPON APPEAL.—A verdict for the plaintiff in the sum of $5,000 is held to be amply supported

by the evidence in the case; and as it is not the province of the appellate court to review or weigh the evidence, and as the instructions were as favorable to the defendant as could be asked, the verdict must be deemed a final determination in the plaintiff's favor of all the issues in the case, and adversely to the settlement and release pleaded in the defendant's answer.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, and W. R. Millar, for Appellant.

E. B. Drake, for Respondent.

ALLEN, P. J.—The action was one for damages occasioned by injuries to plaintiff through the negligence of defendant. There is evidence in the record tending to show these facts: Plaintiff, a mail clerk employed by the United States government, was injured in an accident on defendant's road. The car in which he was employed being thrown near the engine, escaping steam from the engine burned plaintiff to such an extent that the skin and flesh fell from his hands, and his hands were so injured that it was not possible to close them in a natural way. In addition to this, his face, ears and ankles were burned so as to make a permanent discoloration of the skin, and he was bruised on his knees and one of his ribs injured. Plaintiff was so shocked nervously that he was unable to sleep, and within three weeks after the accident had lost over forty pounds in weight. Through the result of the injury he was rendered unable to perform his usual and ordinary work; his hands are permanently disfigured, and up to the time of the trial his sleep was disturbed, and he is probably so permanently injured as to render him unable to follow his usual avocation. After the injury plaintiff was taken to a hospital belonging to defendant and kept there for about eighteen days, when he was brought to the city of Los Angeles, at which place he arrived on the 7th of January, 1909. When he arrived at Los Angeles he was irrational. Occasionally he would have lucid intervals of five minutes or more, but much of the time, as one witness expressed it, "he just acted like a man that was crazy, that is all I can

tell.'' While he was in this condition physically and mentally, and within four days after his arrival at Los Angeles, a claim agent of defendant approached him and effected a settlement of his claim for damages and paid him $1,250. Plaintiff testified that when he signed the settlement and release he did not know what he was doing; that he did not know its contents, and did not know such contents until the 11th of February, 1910, at which date, through counsel, a notice of rescission of the release was served upon defendant, with a tender of the amount paid. There is evidence to the effect that the claim agent represented to plaintiff that he would be able to work in two or three weeks, and that he would be all right in two or three weeks and would have no scars. Defendant upon the trial pleaded this settlement and release in bar of the action; admitted its negligence, but denied that plaintiff was damaged to the amount claimed. The action was tried by a jury, which returned a verdict in plaintiff's favor of $5,000. Judgment was rendered thereon for that amount, from which judgment, and from an order denying a new trial, defendant appeals.

Appellant's principal contention is that no actual fraud was shown in the matter of the settlement, and that it does not appear that plaintiff was in such mental condition at the time of the settlement as to render him incompetent to act; and, further, that the amount paid was equal to the damages sustained. The jury having before it the witnesses, and having heard all of the evidence in the case, determined these matters adversely to appellant, and there being testimony in the record ample to sustain such verdict, it is not the province of an appellate court to review or weigh the evidence in a determination as to its weight or character. The suggestions of the claim agent and his statements to a man in the weak physical condition of plaintiff were acts fitted to deceive, and under section 1572, Civil Code, amounted to actual fraud. In addition to this, a careful perusal of the transcript leaves little room for doubt that this man upon the date of this attempted settlement was unfitted to enter into or consummate any business deal or arrangement. His mental and physical condition were such that it cannot be said that two minds met in the contract of release, and the jury very properly so determined. The question of sanity or insanity in the abstract is not involved in matters of this kind. The question for the jury was

whether or not at the time of the settlement plaintiff was so weak mentally and physically that he did not know and understand what he was doing. The court gave instructions to the jury as favorable to defendant as could be asked, and under these instructions the verdict of the jury must be accepted as a final determination of the matters at issue. The suggestion of counsel that the amount of the settlement was adequate as compensating plaintiff on account of his injuries, merits no serious consideration.

We find no error in the record, and the judgment and order are affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 20, 1912.